TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Martin Ainbinder*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Ainbinder, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC a Georgia corporation, Trans Union, LLC, a Delaware limited liability company, Chase Bank USA, N.A., a national association, and Bank of America, N.A., a national banking association. | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, MARTIN AINBINDER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

    c. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona;

    d. Chase Bank, USA, N.A. ("Chase"), which is a national association that maintains offices in Delaware; and

    e. Bank of America, N.A. ("Bank of America"), which is a national banking association that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. The following furnishers are reporting their trade lines on Plaintiff's credit files with multiple charge offs as follows:

    a. Experian:

        i. Chase with account number: 54016830XXXX (between the months of January 2013-September 2015); and
        ii. Chase with account number: 55825086XXXX (between the months of January 2013-March 2016).

    b. Equifax:

        i. Chase with account number: 55825086XXXX (between the months of January 2013-February 2016);
        ii. Chase with account number: 54016830XXXX (between the months of January 2013-February 2016); and
        iii. Bank of America with account number: 431307299906XXXX (during February 2013 and then again in February 2016).

    c. Trans Union:

        i. Chase with account number: 54016830XXXX (between the months of January 2013-February 2016); and

      ii.    Chase with account number: 55825086XXXX (between the months of January 2013-February 2016).

7. The above trade lines are hereinafter referred to as "Errant Trade Lines."

8. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times. Moreover, multiple charge offs act as repeated assaults on the Plaintiff's credit score, month after month. While the negative impact of all other derogatory information on a credit score lessens over time, not so much with these multiple charge offs. Each month that a charge off is repeatedly as current derogatory, it has unduly largely devastating effect on Plaintiff's credit score. There is no healing of the Plaintiff's credit score from multiple charge offs as there are from other derogatory information over time.

9. Credit reporting is a collection activity that benefits the lender. By reporting multiple charge offs, the lender is able to hold the Plaintiff's credit score as a hostage by improperly depressing it such that it is actually inaccurate, until he pays the debt.

10. On or about January 10, 2016, Mr. Ainbinder obtained his credit files and noticed the multiple charge offs on the Errant Trade Lines.

11. On or about March 8, 2016, Mr. Ainbinder submitted letters to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs"), disputing the multiple charge offs on the Errant Trade Lines.

12. Upon information and belief, the CRAs forwarded Mr. Ainbinder's consumer disputes to Chase and Bank of America.

13. On or about March 30, 2016, Mr. Ainbinder received Equifax's investigation results, which showed that Chase retained the multiple charge offs on its Errant Trade Lines and Bank of America retained the multiple charge offs on its Errant Trade Line.

14. On or about March 30, 2016, Mr. Ainbinder received Experian's investigation results, which showed that Chase retained the multiple charge offs on both of its Errant Trade Lines.

15. On or about April 7, 2016, Mr. Ainbinder received Trans Union's investigation results, which showed that Chase retained the multiple charge offs on both of its Errant Trade Lines.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Equifax of Mr. Ainbinder's consumer dispute of the multiple charge offs of the Errant Trade Line, Bank of America negligently failed to conduct a proper investigation of Mr. Ainbinder's dispute as required by 15 USC 1681s-2(b).

18. Bank of America negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the multiple charge offs on the Errant Trade Line.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Ainbinder's consumer credit file with Equifax to which it is reporting such trade line.

20. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Mr. Ainbinder has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. Bank of America is liable to Mr. Ainbinder by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Mr. Ainbinder has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Bank of America for damages, costs, interest, and attorneys' fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax that Mr. Ainbinder disputed the accuracy of the info

25. rmation it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Mr. Ainbinder's dispute.

26. Bank of America willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Bank of America's willful failure to perform its duties under the FCRA, Mr. Ainbinder has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Bank of America is liable to Mr. Ainbinder for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

7

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by the CRAs of Mr. Ainbinder's consumer dispute of the multiple charge offs on the Errant Trade Lines, Chase negligently failed to conduct a proper investigation of Mr. Ainbinder's dispute as required by 15 USC 1681s-2(b).

31. Chase negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to remove the multiple charge offs on the Errant Trade Lines.

32. The Errant Trade Lines are inaccurate and creating a misleading impression on Mr. Ainbinder's consumer credit files with the CRAs to which it is reporting such trade lines.

33. As a direct and proximate cause of Chase's negligent failure to perform its duties under the FCRA, Mr. Ainbinder has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Chase is liable to Mr. Ainbinder by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. Mr. Ainbinder has a private right of action to assert claims against Chase arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Bank of America for damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CHASE

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. After being informed by the CRAs that Mr. Ainbinder disputed the accuracy of the information it was providing, Chase willfully failed to conduct a proper reinvestigation of Mr. Ainbinder's dispute.

38. Chase willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of Chase's willful failure to perform its duties under the FCRA, Mr. Ainbinder has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. Chase is liable to Mr. Ainbinder for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the

amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Chase for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ainbinder as that term is defined in 15 USC 1681a.

43. Such reports contained information about Mr. Ainbinder that was false, misleading, and inaccurate.

44. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Ainbinder, in violation of 15 USC 1681e(b).

45. After receiving Mr. Ainbinder's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Ainbinder has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Experian is liable to Mr. Ainbinder by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ainbinder as that term is defined in 15 USC 1681a.

50. Such reports contained information about Mr. Ainbinder that was false, misleading, and inaccurate.

51. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Ainbinder, in violation of 15 USC 1681e(b).

52. After receiving Mr. Ainbinder's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Ainbinder has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Experian is liable to Mr. Ainbinder by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ainbinder as that term is defined in 15 USC 1681a.

57. Such reports contained information about Mr. Ainbinder that was false, misleading, and inaccurate.

58. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Ainbinder, in violation of 15 USC 1681e(b).

59. After receiving Mr. Ainbinder's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

60. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Ainbinder has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

61. Equifax is liable to Mr. Ainbinder by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

62. Plaintiff realleges the above paragraphs as if recited verbatim.

63. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ainbinder as that term is defined in 15 USC 1681a.

64. Such reports contained information about Mr. Ainbinder that was false, misleading, and inaccurate.

65. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Ainbinder, in violation of 15 USC 1681e(b).

66. After receiving Mr. Ainbinder's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

14

67. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Ainbinder has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

68. Equifax is liable to Mr. Ainbinder by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

69. Plaintiff realleges the above paragraphs as if recited verbatim.

70. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ainbinder as that term is defined in 15 USC 1681a.

71. Such reports contained information about Mr. Ainbinder that was false, misleading, and inaccurate.

72. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or

more third parties pertaining to Mr. Ainbinder, in violation of 15 USC 1681e(b).

73. After receiving Mr. Ainbinder's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

74. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Ainbinder has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

75. Trans Union is liable to Mr. Ainbinder by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT X

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

76. Plaintiff realleges the above paragraphs as if recited verbatim.

77. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Ainbinder as that term is defined in 15 USC 1681a.

78. Such reports contained information about Mr. Ainbinder that was false, misleading, and inaccurate.

79. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Ainbinder, in violation of 15 USC 1681e(b).

80. After receiving Mr. Ainbinder's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

81. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Ainbinder has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

82. Trans Union is liable to Mr. Ainbinder by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: June 1, 2016

                                              KENT LAW OFFICES

                                By: */s/ Trinette G. Kent*
                                  Trinette G. Kent
                                  Attorneys for Plaintiff,
                                  Martin Ainbinder